UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

UNITED STATES OF AMERICA

-against-                                                        Ind. No. 20 cr 342 (DC)

KRISTY MAK
                            Defendant.
--------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE**

Jeffrey G. Pittell
Attorney for Defendant
*Maher & Pittell, LLP*
42-40 Bell Blvd, Ste. 302
Bayside, NY 11361
(516) 829-2299

## PRELIMINARY STATEMENT

Kristy Mak, a defendant in the above captioned Indictment, submits this *Memorandum of Law* in support of her Motion in Limine for issuance of an Order ruling that the Government be precluded from calling Gordon McCutcheon to testify during the trial of the above referenced Indictment.

## DISCUSSION

### Introduction

By letter dated, October 27, 2021, we requested that, *inter alia*, pursuant to Rule 16(a)(1)(G), the Government state whether it intends to call an expert witness at trial.  In particular our demand (the "Expert Disclosure Demand") stated:

> Pursuant to Federal Rules of Criminal Procedure Rule 16(a) (1) (G), with regard to any expert or opinion witness the government intends to call at trial:
>
> (a)    please provide a written list of the names, addresses and qualifications of all experts the government intends to call as witnesses at trial, together with all reports made by such experts;
>
> (b)    please disclose a written summary of the testimony the Government intends to use under FRE 702, 703 or 705 during its case in chief at trial.  This summary must describe the expert's opinions, the bases and reasons therefor (including, but not limited to:  any hearsay used by the witness in forming his opinion; any reports or

> documents reviewed by the expert; any item of evidence examined by the expert; the authorities, treatises, and witnesses consulted by the expert in forming his opinion), and the expert's qualifications.[1]

More than two years elapsed and the Government did not respond to the Expert Disclosure Demand.

During a pretrial conference held on the October 30, 2023, the Government indicated they would be serving a response to the Expert Disclosure Demand.  In response, we informed that we anticipated objecting to the Government's belated response.

However, the Government did not immediately serve a response to the Expert Disclosure Demand.  Instead, it waited another two weeks, until November 15, 2022, twenty days before the trial is scheduled to commence, to serve its response (the "Expert Notice") to the Expert Disclosure Demand.  The Expert Notice indicates the Government seeks to call Mr. McCutcheon as a witness at trial.

We submit this Memorandum in support of our Motion requesting issuance of an Order precluding the Government from calling Mr. McCutcheon as a witness during the trial of the above referenced matter.

---

[1]     In the interest of brevity, we have not attached a copy of the letter which included the Expert Disclosure Demand.  If needed, a copy will be provided to the Court.

**The Expert Notice Fails to Comply with Rule 16(a)(1)(G)**

Federal Rule of Criminal Procedure Rule 16(a)(1)(G)(i), provides, in pertinent part:

> At the defendant's request, the government must disclose to the defendant, in writing, the information required by (iii) for any testimony that the government intends to use at trial under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief . . .

Rule16(a)(1)(G)(iii) -- as referenced in Rule 16(a)(1)(G)(i) -- requires that:

> The disclosure for each expert witness must contain:
>
> - a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);
>
>   [and]
>
> - the bases and reasons for them

Rule 16(a)(1)(G) (hereinafter "the Rule") is intended "to minimize [the] surprise that often results from unexpected testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross examination." *U.S. v. Cruz*, 363 F.3d 187, 196 fn.2 (2d Cir. 2004), *quoting U.S. v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir.1997).

To keep faith with the letter and spirit of the Rule, "[m]erely identifying the general topics about which the expert will testify is insufficient; rather, the

summary must reveal the expert's actual opinions." *U.S. v. Valentin*, 2016 WL 1211304, at *3 (D. CT, Mar. 25, 2016) (quotation and citation omitted).

Trial courts have excluded expert testimony based upon a party's expert disclosure failing to comply with the Rule. *See e.g., U.S. v. Mahaffy*, 2007 WL 1213738, at *3 (EDNY (ILG), Apr. 24, 2007) (defense expert disclosure about a witness who would testify about general practices in the security industry excluded, *inter alia*, because "the disclosure statement only proffered general topics and did not describe any opinions that would be offered by the witness on these topics"). "Even if the disclosure provides a sufficient summary of any opinions to be offered by the witness, [the expert's testimony] *may* be excluded if the [proponent] has made no attempt at all to describe the bases and reasons for those opinions" in the disclosure. *U.S. v. Mavashev*, 2010 WL 234773, at *2 (E.D.N.Y. (DLI) Jan. 14, 2010), citation omitted.

In the matter at bar, the Expert Notice is threadbare. It merely states:

> The government presently anticipates calling Gordon D. McCutcheon to provide background testimony regarding the customer protection regulations that govern the moving industry, and their implementation in the moving industry generally. We do not intend to elicit any testimony or opinions from Mr. McCutcheon regarding the defendants' specific conduct. While we believe that Mr. McCutcheon can testify to these matters without being qualified as an expert, we make this disclosure to provide you with advance notice in an abundance of caution.

Appended to the Expert Notice is a statement signed by Mr. McCutcheon (the "Disclosure Statement") along with his resume. The Disclosure Statement, echoing the language in the Expert Notice, says:

> The following is "a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during the rebuttal to counter testimony that the defendant has timely disclosed under Rule 16(b)(l)(C), and the bases and reasons for them," Fed. R. Crim. P. 16(a)(l)(G)(iii):

> I anticipate testifying regarding the registration and customer protection regulations of the Federal Motor Carrier Safety Administration ("FMCSA") that govern the moving industry, and their implementation in practice, generally. My testimony will be based on my experience as a Motor Carrier Safety Specialist for the FMCSA.

A full copy of the Expert Notice, Disclosure Statement and resume are attached as an Exhibit to this Memorandum.

Neither the Expert Notice nor Disclosure Statement comply with the Rule. They do not expressly disclose the opinion(s) the Government will seek to elicit from Mr. McCutcheon. Since they do not state his opinion, they do not provide the basis for his (undisclosed) opinion.

In the Expert Notice, the Government claims, "we do not intend to elicit any testimony or opinions from Mr. McCutcheon regarding the defendants' specific conduct." However, this statement has minimal import as the offering of any such opinion would be subject to an objection pursuant to F.R.E. Rule 704(b).

Moreover, by using this conditional language, the Government has not affirmatively stated it does not seek to elicit <u>any</u> opinion testimony from Mr. McCutcheon.  As such, we are left inferring that the language in the Disclosure Statement -- wherein Mr. McCutcheon states he intends to testify regarding FMCSA regulations which govern the moving industry, **and their implementation in practice, generally**" (emphasis added) -- leaves open a scenario where the Government will seek to elicit an opinion from Mr. McCutcheon about general moving industry practices (presumably compliant and noncompliant ones).  If our inference is correct, then this highly generalized representation fails to comply with the Rule which requires a "complete statement of all opinions that the government will elicit from" Mr. McCutcheon and it wholly fails to state any of "the bases and reasons" for his opinions.

Based upon the foregoing, he Government should be precluded from calling Mr. McCutcheon as a witness.  At the outset, it fails to comply with the Rule. *Mahaffy*, 2007 WL 1213738, at *3 (EDNY (ILG), Apr. 24, 2007) (as noted above, precluding proffered expert testimony regarding general industry practices because the disclosure statement only proffered general topics and did not describe any opinions that would be offered by the witness), *see also, U.S. v. Ferguson*, 2007 WL 4539646 (DCT.. Dec. 14, 2007) (holding that defense expert disclosures

regarding industry practices were insufficient and ordering further disclosure). Moreover, the Expert Notice and Disclosure Statement are so brief and generalized, we can not even ascertain what a defense expert -- if we were able to locate, retain and prepare one at this point -- would even attest to.  As such, the summary nature of the Expert Notice, this close to trial, has effectively prevented the defense being able to contemplate calling a rebuttal expert.

## McCutcheon Does Not Qualify as an Expert

Pursuant to Rule 702 of the Federal Rules of Evidence, during a trial, a district court may admit expert testimony where "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue" and where the testimony is "based upon sufficient facts or data."  Fed.R.Evid. 702(a) & (b).

In the seminal case of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, (1993), the Supreme Court held that Rule 702 imposes a gatekeeping obligation upon a trial judge to ensure that any and all expert testimony "is not only relevant, but reliable." 509 U.S. at 589.  The gatekeeper obligation imposed upon trial courts prevents a purported expert from providing unreliable testimony based upon supposition.  *See, Amorgianos v. National Railroad*

*Passenger Corp.*, 303 F.3d 256, 265 (2d Cir.2002) ("the Supreme Court has made clear that the district court has a "gatekeeping" function under Rule 702 -- it is charged with the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand," *citing Daubert*). The gatekeeping obligation "make[s] certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167 (1999).

The Expert Notice, Disclosure Statement and resume do not provide a reliable foundation to determine whether Mr. McCutcheon is even qualified to testify as an expert about the implementation of practices in the moving industry. His resume indicates that during the past twenty one years, he has been employed as a special agent for the Federal Motor Carrier Safety Administration and that he is a "2123 Motor Carrier Safety." A 2123 Motor Carrier Safety employee is a person who works as safety specialist involving the safety of motor carriers.[2] The allegations in the matter at bar do not involve a claim that unsafe moving trucks were used. Regarding his experience in the commercial moving industry, Mr.

---

[2]
https://www.opm.gov/policy-data-oversight/classification-qualifications/general-schedule-qualification-standards/2100/motor-carrier-safety-series-2123/

McCutcheon's resume does indicate he has ever worked in the private sector, let alone for a moving company. As such, he does not have first hand experience in the business or operational side of moving companies. The resume does not indicate Mr. McCutcheon has authored, or coauthored, any learned, or peer reviewed, publications about moving industry practices. His educational background does not disclose any special training in the moving industry in general. His resume does not indicate that he has ever been previously qualified as an expert in the moving industry.

Based upon the foregoing, the Court should preclude Mr. McCutcheon from testifying or, in the alternative, hold a *Daubert* hearing.

### If the Government Does Not Seek to Elicit Opinion Testimony From McCutcheon, then He Should Not be Permitted to Testify

In the Disclosure Notice, the Government states it is being provided in an "abundance of caution." This implies the Government opines that Mr. McCutcheon is not being called to provide expert opinion testimony. If the Government merely seeks to call McCutcheon to testify merely about the content of motor vehicle registration and customer protection regulations, this can be more equitably accomplished via a jury instruction delivered by the Court. The Government has not shown that these regulations are so arcane that jurors will not be able to

understand what they say.  We submit the Court, a neutral party in the litigation -- which will be instructing the jury on the law regarding conspiracy to commit wire fraud -- is a more appropriate entity to inform the jury about the language of any applicable federal regulations.

## CONCLUSION

Based upon the foregoing reasons, it is respectfully requested this Motion be granted in its entirety.

Dated:        Bayside, NY
              November 20, 2023

                              Respectfully submitted,
                              /s/
                              Jeffrey G. Pittell
                              Attorney for Defendant
                              *Maher & Pittell, LLP*
                              42-40 Bell Blvd, Ste. 302
                              Bayside, NY 11361
                              (516) 829-2299


TO:   All Counsel of Record (by ECF)

# EXHIBIT



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AB/EL                                          *271 Cadman Plaza East*
F. #2020R00491                                 *Brooklyn, New York 11201*

November 15, 2023

<u>By Email</u>

Jeffrey Pittell, Esq.                    Carlos M. Santiago, Jr., Esq.
Maher & Pittell, LLP                     A. James Bell, Esq.
42-40 Bell Blvd, Ste 302                 The Law Office of Carlos M. Santiago, P.C.
Bayside, New York 11361                  11 Broadway Suite 615
                                         New York, NY 10004

          Re:    United States v. Yakov Moroz et al.
                 <u>Criminal Docket No. 20-342 (DC)</u>

Dear Counsel:

          Enclosed please find a signed expert disclosure, provided in accordance with
Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure.  As set forth in the disclosure,
the government presently anticipates calling Gordon D. McCutcheon to provide background
testimony regarding the customer protection regulations that govern the moving industry, and
their implementation in the moving industry generally.  We do not intend to elicit any
testimony or opinions from Mr. McCutcheon regarding the defendants' specific conduct.
While we believe that Mr. McCutcheon can testify to these matters without being qualified as
an expert, we make this disclosure to provide you with advance notice in an abundance of
caution.

          The government reserves the right to supplement and/or correct these
disclosures.  <u>See</u> Fed. R. Crim. P. 16(a)(1)(G)(vi).  The government also reiterates its request

for reciprocal discovery from the defendants pursuant to Rule 16(b)(1)(c) of the Federal Rules of Criminal Procedure.

Very truly yours,

BREON PEACE
United States Attorney

By:   /s/ Elias Laris
Elias Laris
Arun Bodapati
Assistant U.S. Attorneys
(718) 254-6599

2

## Disclosure as to Expert Witness Gordon D. McCutcheon

### I.      Statement of Opinions, Bases and Reasons

The following is "a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during the rebuttal to counter testimony that the defendant has timely disclosed under Rule 16(b)(1)(C), and the bases and reasons for them," Fed. R. Crim. P. 16(a)(1)(G)(iii):

I anticipate testifying regarding the registration and customer protection regulations of the Federal Motor Carrier Safety Administration ("FMCSA") that govern the moving industry, and their implementation in practice, generally.  My testimony will be based on my experience as a Motor Carrier Safety Specialist for the FMCSA.

### II.     Qualifications

My curriculum vitae contains a list of my "qualifications, including a list of all publications authored in the previous 10 years."  Fed. R. Crim. P. 16(a)(1)(G)(iii).

### III.    List of Cases[1]

I have not testified as an expert at trial or by deposition in the past four years. Fed. R. Crim. P. 16(a)(1)(G)(iii).

Respectfully Submitted,

Gordon D. McCutcheon

---

[1]       This list reflects the government's and Mr. McCutcheon's best efforts to compile Mr. McCutcheon's expert testimony over the previous four years.  If the government and/or Mr. McCutcheon learn of additional testimony that should be disclosed, the government will supplement this disclosure promptly pursuant to Fed. R. Crim. P. 16(a)(1)(G)(vi).

3

**Gordon Douglas McCutcheon**
304 Willow Street
Bordentown, New Jersey 08505 United States
Day Phone: 609-947-3532
Email: gordon.mccutcheon@dot.gov


**Work Experience:**
**Special Agent**
**Federal Motor Carrier Safety Administration**
5 Independence Way
Suite 250
Princeton, NJ


**7/2002 - Present**
**Series:** 2123 Motor Carrier Safety
**Pay Plan:** GS - General Schedule (Ch. 51, 5 U.S.C.).
**Grade:** 12
**Duties, Accomplishments and Related Skills:**
  A. Investigations of Household Goods ("HHG") Carriers. The examination of
     shipper complaints via interview with the shipper pertaining to the
     complaints against the carrier entered into the National Consumer
     Complaint Database ("NCCDB"). Documents requested from shippers are
     compared to those supplied by carrier. Management, administrative,
     dispatch, job foreman, laborers, sales, customer service and third-party
     claims agency reps are interviewed to determine legitimacy of complaints.
     Resolution of complaints are attempted during Investigative process.
     Carrier documentation and Tariffs are examined for compliance.
  B. HHG Investigations of Brokers. Involve the examination of shipper
     complaints via interview with the shipper pertaining to complaints against
     the broker and possible collusion with the carrier entered into the NCCDB.
     Documents from shippers are compared to those of carrier and broker.
     Broker officials including management, sales, and admin are interviewed to
     determine legitimacy of complaints. Resolution of complaints entered by
     shippers are attempted during Investigative process. Compliance of Broker
     operations and documentation examined to determine compliance with the
     Federal Motor Carrier Safety Regulations ("FMCSR").
  C. Comprehensive/Focused Safety Compliance Investigations. HHG Carriers
     on the NCCDB Top 100 List having deficient BASICS causes the initiation
     of a Focused or Comprehensive Investigation of Safety Compliance
     conducted in conjunction with the HHG Investigation.
  D. Provide assistance, advice and complaint resolution to Shippers with
     complaints against HHG Carriers and Interlining Agents. Receive

forwarded calls from shippers pertaining to alleged non-compliant actions committed by HHG Carriers or interlining agents. Complaints initiate telephone investigations and interviews with carriers and interlining agents in attempt to resolve the alleged non-compliance. This agent will review/discuss the requirements of the FMCSR with carrier and shipper to educate and potentially avoid a continuation of the actions. This agent will attempt to broker a resolution to the complaint and will provide a thorough review of the regulations.

E. Provide regular assistance, advice and complaint resolution to Shippers with complaints against HHG Brokers. Calls result in the initiation of telephone interviews and attempted resolution of the complaint.

F. Provide assistance, advice and complaint resolution to HHG Carriers with complaints against HHG Shippers. Receive forwarded calls from HHG Carriers pertaining to recent alleged issues involving interaction with shippers at move origin/destination. Complaints initiate a telephone investigation including interviews with the shipper to resolve the alleged non-compliance. This agent will review and discuss the requirements of the FMCSR with carrier and shipper to educate and potentially avoid a continuation of the actions.

G. Provide regular assistance, advice and complaint resolution to HHG Carriers with complaints against HHG Brokers and Agents. Receive calls from HHG Carriers and will initiate a telephone investigation during which the carrier, the broker or agent are interviewed to determine the legitimacy of the complaint. This agent will attempt to broker a resolution to the complaint and will provide a thorough review of the regulations to potentially avoid further complaints.

H. Past Chairman/Current Member, HHG Technical Advisory Group (TAG). Representative of the Commercial Enforcement Specialists (CES) on the TAG pertaining to issues involving the conducting of HHG Commercial Investigations.

I. HHG Training Presenter – HHG Investigation/ Enforcement and corresponding software to state partners.

J. Field Coach – Assist Safety Investigators having completed the in-class HHG Investigation course and state partners.

K. Interacts and provides information to Agents from multiple federal agencies including the OIG and FBI pertaining to Household Goods Investigation and Enforcement.

L. Drug Interdiction Assistance Program (DIAP) – Presenter/Instructor of in field drug interdiction tactics.

M. Multiple Investigations with and developed working relationships with the Office of Inspector General and Federal Maritime Commission.

N. Developed relationships and conducted joint investigative sting operations with the NJ Office of Attorney General, Dept. of Consumer Affairs. Relationship developed with the NJ Warehousemen & Movers Association.

**Education:**
**Monmouth University** West Long Branch, NJ United States
Master's degree
**Relevant Coursework, Licenses and Certifications:**
Monmouth University - Bachelor's Degree - Psychology; minor - Communications. Monmouth University - Master's Degree - Psychology John Jay College of Criminal Justice (CUNY) - Master's Degree - Forensic Psychology Monmouth County Police Academy - Graduate HIDTA - High Intensity Drug Trafficking Area Academy (DEA/NYPD) - Graduate FMCSA- Safety Investigator Academy

**Affiliations:**
Free and Accepted Masonic Lodge of NJ - Member
Bordentown Little League - Previous Vice President and Coach
New Jersey State Policemen's Benevolent Association (PBA) - Retired Life Member

**Additional Information:**
A. This agent has developed strong working relationships with both HHG Carriers and HHG consultants.
B. This agent has created a guide to be used by SI's who are untrained in HHG Commercial Enforcement to address callers who are inquiring about possible non-compliant actions by HHG Carriers and HHG Brokers.
C. This agent is developing a curriculum for a course to be offered at the National Training Center Safety Investigator Academy to introduce the transportation of Household Goods. This course can and will be modified to be presented to Safety Investigators in divisions not trained in HHG to have a basic working knowledge of HHG Investigation and Enforcement.
D. This agent is a retired Police Officer. This agent has also worked part time for Drenk Behavioral Health, Mt. Holly, NJ conducting and providing psychological evaluations of Juvenile Sexual Offenders for the Burlington County NJ Court System and providing therapy services to juvenile offenders. This agent's history both prior to employment with the FMCSA and while employed by FMCSA demonstrates the ability to interact successfully with a well-diversified range of people and situations.